IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02040-BNB

REGINALD POWELL, A0259159,

    Plaintiff,

v.

DAVID MAY, 11379, DA,
SHARON E. FLAHERTY, ID 30909, ADA, and
DISTRICT ATTORNEY'S OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
                CLERK

ORDER OF DISMISSAL

Plaintiff Reginald Powell currently is held at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Powell, acting *pro se,* has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Powell is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. See *id.* For the reasons stated below, the Complaint and the action will be dismissed.

Mr. Powell alleges that he was subjected to DNA testing in an "unsure area," when a detective took "biological evidence" in the middle of a courtroom, in violation of his due process rights. (Compl. at 4.) Although Mr. Powell titles one of his claims, "Deliberate Indifference, 8th Amendment," the claim appears more properly asserted pursuant to either the Fourth or Fourteenth Amendment. Nonetheless, Mr. Powell may not recover damages for the claims that he asserts, because he challenges the validity of a possible conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," *Beck*, 195 F.3d at 558, to recover compensatory damages Mr. Powell must prove not only that the search was unlawful, but that it caused him actual, compensable injury that does not encompass the "injury" of being convicted and

imprisoned, **Heck**, 512 U.S. at 487 n. 7.  Even though Mr. Powell may be asserting a Fourth Amendment claim due to an unauthorized DNA sampling, the claim is barred by **Heck**.

A judgment in favor of Mr. Powell's claim that Defendants violated his constitutional rights, when they took a DNA sample during a courtroom hearing in his pending state criminal proceeding, necessarily would imply the invalidity of his state court criminal proceedings.  Mr. Powell fails to assert any compensable injury other than the injury of possibly being convicted and imprisoned.  Therefore, Mr. Powell's claims for damages are barred by **Heck**.

To the extent that Mr. Powell is a pretrial detainee, and he is challenging his pending criminal proceeding in state court, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  **See Younger v. Harris**, 401 U.S. 37, 45 (1971); **Phelps v. Hamilton**, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate.  **See Younger**, 401 U.S. at 46.  The exceptions to **Younger** provide only for a "very narrow gate for federal intervention."  **Phelps**, 59 F.3d at 1064 (internal quotation marks omitted).  The fact that Mr. Powell was subjected to DNA testing, by itself, is not sufficient to establish great and immediate irreparable injury.  **See Younger**, 401 U.S. at 46; **Dolack v. Allenbrand**, 548 F.2d 891, 894 (10th Cir. 1977).  Therefore, Mr. Powell fails to assert an exception to **Younger**.

If, however, Mr. Powell believes that his federal constitutional rights were violated in

obtaining his conviction and sentence he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state remedies.

Nonetheless, the Complaint and action will be dismissed as legally frivolous. Mr. Powell's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), **cert. denied sub nom.** *Swepston v. Snell*, 499 U.S. 976 (1991). With respect to the prosecutorial activities in which Defendants were involved in Mr. Powell's state criminal case, they enjoy immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Therefore, Defendants are inappropriate parties to this action based on absolute immunity, and the Complaint and action will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 20 day of Oct., 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02040-BNB

Reginald Powell
Prisoner No. A0259159
Criminal Justice Center
2739 East Las Vegas St,
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk